IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRUS JONES, #287 250, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-901-MHT |
| | ) [WO] |
| KILBY CORRECTIONAL FACILITY, | ) |
| *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on August 27, 2014. He seeks to challenge prison officials' failure to protect him from an inmate assault. Named as defendants are the Kilby Correctional Facility, the Alabama Department of Corrections, Warden Billups, Warden Clay, Correctional Officer Young, Correctional Officer Hardy, and inmate Daniel Thomas. Upon review of Plaintiff's allegations, the court concludes that dismissal of Plaintiff's claims against the Kilby Correctional Facility, the Alabama Department of Corrections, Warden Billups, Warden Clay, and inmate Daniel Thomas prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Alabama Department of Corrections and the Kilby Correctional Facility*

Neither the Alabama Department of Corrections nor the Kilby Correctional Facility is subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, Plaintiff's claims against the Alabama Department of Corrections and the Kilby Correctional Facility are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. Warden Billups and Warden Clay*

Although he names Wardens Billups and Clay as defendants, Plaintiff makes no allegations of wrongdoing against these individuals. To the extent Plaintiff seeks to hold Defendants Billups and Clay liable under *respondeat superior*, a § 1983 action will not support a claim under this theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior* .... [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution .... [P]urpose rather than knowledge is required to impose [constitutional] liability on ... an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted).  Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Plaintiff has not alleged that Defendants Billups or Clay participated in or directed any of the misconduct about which he complains.  Without such personal involvement, these defendant may not be held liable. *Iqbal*, 556 U.S. at 676.

C.  *Inmate Daniel Thomas*

Mr. Thomas, an inmate in the custody of the Alabama Department of Corrections, is not a state actor. An essential element of a complaint filed under 42 U.S.C. § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999);

*Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v, Williams*, 474 U.S. 327 (1986); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach ' " 'merely private conduct, no matter how discriminatory or wrongful,' " ' *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50. Consequently, "state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*. at 50 (emphasis in original).

Based on a review of the complaint, there is no indication that Mr. Thomas is a state actor nor does the complaint allege that any actions taken by him can be attributed to the State. The court, therefore, concludes that Plaintiff's complaint against Mr. Thomas is frivolous as he is a not a state actor.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Kilby Correctional Facility, the Alabama Department of Corrections, Warden Billups, Warden Clay, and inmate Daniel Thomas be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(I-iii);

2. The Kilby Correctional Facility, the Alabama Department of Corrections, Warden Billups, Warden Clay, and inmate Daniel Thomas be DISMISSED as party defendants;

3. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **October 16, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the

close of business on September 30, 1981).

Done this 2nd day of October, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE